### In re WATKINSON et al.

### In re ALDEN et al.

#### (Circuit Court of Appeals, First Circuit. May 13, 1913.)

#### No. 1,019.

1. BANKRUPTCY (§ 224*)—PROCEEDINGS—VENUE.
    Where a bankrupt firm did business in Boston, in Suffolk county, where one of the partners resided, and others resided in Middlesex and Norfolk counties, respectively, the proceeding prima facie might be properly referred to a referee in either of those counties.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. § 224.*]

2. BANKRUPTCY (§ 463*)—RECORD—REVIEW.
    Where an order appointing a referee in bankruptcy was in the usual form, and contained no reference to a suggestion that proceedings in the case might be heard by a referee in other counties, such suggestion, though contained in the court's memorandum, filed with the order selecting the referee, did not make it a part of the record, so as to be reviewable on a petition to revise.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 926; Dec. Dig. § 463.*]

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

In the matter of bankruptcy proceedings of Adelbert H. Alden and others. On petition to revise an order referring the case to the referee in Norfolk county, and denying a petition to refer to the referee in Suffolk county. Denied.

Barton Corneau, of Boston, Mass., and Albert S. Woodman, of Portland, Me. (Tyler, Corneau & Eames, of Boston, Mass., and Woodman & Whitehouse, of Portland, Me., on the brief), for petitioners.

Before PUTNAM and DODGE, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. [1] This is a petition of certain creditors of George A. Alden & Co., a copartnership, under the bankruptcy

---

statutes, to revise an order of the District Court for the District of Massachusetts, referring a proceeding in bankruptcy to the referee in the county of Norfolk. The copartnership had been adjudged bankrupt, and the case was referred by an order in regular form to the referee for Norfolk county. The petitioners claim that the reference should have been to the referee for Suffolk county. The place of business of the copartnership was at Boston, in the county of Suffolk; one of the copartners resided in Boston, one in the county of Middlesex, and one in the county of Norfolk; so that prima facie the case might have been referred to the referee for either one of those three counties. The purpose of the petition is to secure a reference to the referee for the county of Suffolk in place of the referee for the county of Norfolk.

[2] Passing by the question whether or not the present petition raises any question of law over which we have jurisdiction, it is evident that the selection of the referee involved a certain judicial discretion which, under the circumstances, we are not justified in reviewing. It is urged on us, however, that a direct question of law is raised, on account of the suggestion in the memorandum filed by the learned judge of the District Court that the referee could act on matters arising in the case, either in the county of Suffolk or in the county of Norfolk. The order appointing the referee, however, is in the usual form, and contains no reference to this suggestion, so that it is not a part of the record before us. This suggestion occurs only in an informal memorandum filed by the judge in connection with the determination of the selection of the referee. It is apparently only such a memorandum giving his views as to the true construction of the twelfth general order in bankruptcy. At any rate, it forms no part of the record which brings to us any matter over which we now have jurisdiction. In the event any attempt is made to proceed as suggested in the memorandum, the parties can have their day in court; and we reserve ourselves in regard thereto until the matter comes properly before us, if it ever does.

The petition is denied, with costs for the respondents.